## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MATTHEW GORMLY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **AIH RECEIVABLE** | ) | |
| **MANAGEMENT SERVICES INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Matthew Gormly ("Plaintiff"), by and through undersigned counsel, and for his complaint against the Defendant, AIH RECEIVABLE MANAGEMENT SERVICES INC. ("Defendant AIH"), Plaintiff states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. ("KCPA").

## JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper in this district in that Defendant AIH resides here, Defendant AIH transacts business here and the conduct complained of occurred here.

## PARTIES

4.      Plaintiff is a natural person who resides in the City of Lawrence, Kansas.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and K.S.A. 50-624(b).

6.      Defendant AIH is a business entity engaged in the collection of consumer debt within the State of Kansas.

7.      Defendant AIH is a Kansas corporation operating from a business address of 5800 Foxridge Drive #105, Mission, KS 66202.

8.      Defendant AIH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant AIH is a "supplier" as that term is defined by K.S.A. 50-624(l).

## ALLEGATIONS

10.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

11.     Beginning in January 2015, Defendant AIH began contacting Plaintiff regarding an alleged debt.

12.     The debt allegedly owed by Plaintiff ("the debt"), namely, a credit card debt with Metcalf Bank, was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

13.     Defendant Abraham left multiple messages on Plaintiff's cellular telephone.

14.     These messages constituted a "communications" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

15.     In these voicemail messages, Defendant AIH failed to identify themselves and simply stated that the call was regarding a debt and that Plaintiff needed to return the call.

16.     Defendant AIH also persistently called Plaintiff's parents and discussed Plaintiff's debt.

17.     This caused Plaintiff emotional distress in that his parents began regularly inquiring as to the state of Plaintiff's financial affairs.  This placed a strain on their family relationship.

18.     Additionally, Defendant AIH contacted Plaintiff's place of employment and spoke to Plaintiff's employer about Plaintiff's debt.

19.     Defendant AIH had no legitimate basis to contact Plaintiff's parents or his employer because Plaintiff had already confirmed his location information and place of employment with Defendant AIH.

20.     Defendant AIH contacted Plaintiff's parent's and his employer in an attempt to 'shame' and embarrass Plaintiff into paying the debt.

21.     Furthermore, in one call with Plaintiff, Defendant AIH threatened to garnish Plaintiff's wages if he did not immediately satisfy the outstanding debt.

22.     Defendant AIH has no ability or intention of garnishing Plaintiff's wages.

23.     Defendant AIH threatened such action in an attempt to scare Plaintiff into paying the debt.

24.     As a result of Defendant AIH's collection practices, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, among other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy.

## FIRST CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692d(6)

25.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

26.     Pursuant to the "Congressional findings and declaration of purpose" section of the FDCPA, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C. § 1692.

27.    Plaintiff has been subjected to deceptive and unfair debt collection practices as outlined below which have imposed upon him injury and loss.

28.    The FDCPA states that " a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692d.

29.    The placement of telephone calls without meaningful disclosure of the caller's identity is a violation of section 1692d. *Id.*

30.    Defendant AIH placed at least 7 phone calls in February and March 2015 which failed to identify Defendant AIH as the caller.

31.    Defendant AIH's conduct constituted violations of the FDCPA and entitles Plaintiff to actual damages, statutory damages attorney's fees and costs as provided under the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this *FIRST CLAIM FOR RELIEF* in his favor and against Defendant AIH, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

## SECOND CLAIM FOR RELIEF

### Violations of 15 U.S.C. § 1692c(b)

32.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

33.     The FDCPA states "a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer" without the prior consent of the consumer. *See* 15 U.S.C. § 1692c(b).

34.     The FDCPA provides an exception allowing for debt collectors to make third-party communications for the purpose of acquiring location information about the consumer. See 15 U.S.C. § 1692b.

35.     However, a debt collector must refrain from disclosing that the consumer owes any debt and may not communicate with a third-party more than once "unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information"

36.     Defendant AIH contacted both Plaintiff's parents and his place of employment and discussed Plaintiff's debt.

37.     Plaintiff did not provide consent to Defendant AIH to contact any third parties about his debt.

38.     Furthermore, Defendant AIH had already acquired accurate and complete location information about Plaintiff and his place of employment.

39.     Therefore, Defendant AIH did not have any legitimate purpose for contacting Plaintiff's parents or his place of employment.

40.     Defendant AIH's conduct constituted violations of the FDCPA and entitles Plaintiff to actual damages, statutory damages attorney's fees and costs as

provided under the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this *SECOND CLAIM FOR RELIEF* in his favor and against Defendant AIH, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

## THIRD CLAIM FOR RELIEF

### Violations of 15 U.S.C. § 1692e(4)

41.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

42.    The FDCPA states "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e.

43.    A representation or implication that nonpayment of any debt will result in garnishment, attachment, or sale of any property or wages of any person where such action cannot legally be taken and the debt collector does not intend to take such action is a violation of section 1692e(4). *Id.*

44.    Defendant AIH threatened to garnish Plaintiff's wages if he did not immediately satisfy the debt.

45.    Defendant AIH's conduct constituted a violation of the FDCPA and

entitles Plaintiff to actual damages, statutory damages attorney's fees and costs as provided under the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this ***THIRD CLAIM FOR RELIEF*** in his favor and against Defendant AIH, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**Violation of K.S.A. § 50-626**

46.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

47.     The Kansas Consumer Protection Act shall be liberally construed to protect consumers from suppliers who commit deceptive and unconscionable practices. *See* K.S.A. § 50-623.

48.     Plaintiff has been subjected to deceptive and unconscionable debt collection practices as outlined within this complaint which have imposed upon him injury and loss.

49.     The KCPA states that "no supplier shall engage in any deceptive act or practice in connection with a consumer transaction." *See* K.S.A. § 50-626.

50.     The debt sought to be collected by Defendant AIH came into being as a result of a sale, lease or assignment or other disposition for value of property or

services within the state of Kansas, and therefore constituted a "consumer

transaction" as defined by the KCPA at K.S.A. § 50-624.

51.     Defendant AIH made a deceptive representation when it threatened to

garnish Plaintiff's wages if he did not immediately satisfy the debt.

52.     Defendant AIH's conduct constituted a violation of the KCPA and

entitles Plaintiff to statutory damages, attorney's fees and costs as provided under

the KCPA.

**WHEREFORE** Plaintiff prays for judgment on his *FOURTH CLAIM*

*FOR RELIEF* in his favor and against Defendant AIH, and for the following

relief:

a) Statutory damages of $10,000.00 pursuant to K.S.A. § 50-636(a);

b) Attorney's fees and costs pursuant to K.S.A. § 50-634; and

c) Any further relief deemed appropriate by this Honorable Court.

**FIFTH CLAIM FOR RELIEF**

**Violations of K.S.A. § 50-627**

53.     Plaintiff repeats, re-alleges, and incorporates by reference all

paragraphs above as if fully rewritten here.

54.     The KCPA states that "no supplier shall engage in any

unconscionable act or practice in connection with a consumer transaction." *See*

K.S.A. § 50-627.

55.     Defendant AIH unlawfully contacted Plaintiff's parents and his place

of employment in an attempt to embarrass and shame him into paying the debt.

56.     Furthermore, Defendant AIH unlawfully threatened to garnish his wages without the authority to take such action.

57.     These aggressive and unlawful tactics were unconscionable methods to attempt to collect a debt.

58.     Defendant AIH's conduct constituted a violation of the KCPA and entitles Plaintiff to statutory damages, attorney's fees and costs as provided under the KCPA.

**WHEREFORE** Plaintiff prays for judgment on his *FIFTH CLAIM FOR RELIEF* in his favor and against Defendant AIH, and for the following relief:

a) Statutory damages of $10,000.00 pursuant to K.S.A. § 50-636(a);

b) Attorney's fees and costs pursuant to K.S.A. § 50-634; and

c) Any further relief deemed appropriate by this Honorable Court.

## JURY DEMAND

59.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## DESIGNATION OF PLACE OF TRIAL

60.     Plaintiff requests a trial be held at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.


Respectfully submitted,

Date: July 9, 2015                 **ADDLEMAN LAW FIRM LLC**

                                   **By:  /s/ Andrew M. Esselman**

**Andrew M. Esselman #26113**
**255 NW Blue Parkway, Suite 200**
**Lee's Summit, MO  64063**
**Telephone:  816-994-6200**
**Facsimile:  855-523-5905**
**AndrewE@addlemanlawfirm.com**

**Attorneys for Plaintiff**