IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MATTHEW GORMLY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**AIH RECEIVABLE MANAGEMENT** )<br>**SERVICES, INC.,** )<br>)<br>Defendant. )<br>_____) | **Case No. 15-9163-CM** |

## MEMORANDUM AND ORDER

Plaintiff Matthew Gormly brings this action against defendant AIH Receivable Management Services, Inc., claiming that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623 et seq.  Specifically, plaintiff claims that defendant violated the laws by placing certain phone calls relating to collection of a credit card debt.  The case is before the court on defendant's Motion to Dismiss Complaint of Matthew Gormly (Doc. 7).  Defendant claims that plaintiff fails to identify specific facts that show that defendant violated federal or state law.

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).  In *Twombly*, the Supreme Court set forth the new standard for pleadings, stating that although "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The pleading should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D.

Kan. 2008)).  The court does not make a determination on whether the plaintiff will prevail; rather, the issue is whether the plaintiff is permitted to offer evidence to support his claims.  *Id*.

The facts supporting plaintiff's claims are not abundant, but they are adequate.  Plaintiff alleges that he is a consumer, defendant is a debt collector, and defendant contacted plaintiff regarding a credit card debt owed to Metcalf Bank.  Plaintiff also alleges that defendant placed at least seven calls in February and March 2015 that failed to identify defendant as the caller.  And defendant unnecessarily contacted plaintiff's parents and employer and spoke with them about plaintiff's debt, as well as threatened to garnish plaintiff's wages if the debt was not satisfied.  Based on these allegations, the court cannot say that plaintiff's complaint is so threadbare that dismissal pursuant to *Twombly* is appropriate.  Plaintiff has stated claims that are "plausible on [their] face."  *Twombly*, 550 U.S. at 570.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Complaint of Matthew Gormly (Doc. 7) is denied.

Dated this 19th day of October, 2015, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**